43 So.2d 322

**ANDERSON v. STATE.**

*4 Div. 108.*

Court of Appeals of Alabama.

Dec. 6, 1949.

———◆———

Geo. C. Wallace, Clayton, and Jack Wallace, Clayton, for appellant.

A. A. Carmichael, Atty. Gen., and MacDonald Gallion, Asst. Atty. Gen., for the State.

CARR, Judge.

Count one of the indictment in this case charged the defendant with carnal knowledge of a girl over twelve and under sixteen years of age.

On the trial the jury returned the following verdict: "We, the Jury, find the defendant guilty as charged in Count One of said indictment. /s/ Yancy Hartzog, Foreman."

This was in response to the oral instructions of the trial judge in which he stated: "This jury isn't clothed with the right or the responsibility of saying what punishment shall be visited upon this defendant in the event he is found guilty. That is a responsibility which the Court carries alone."

The court fixed the punishment of the defendant at five years in the State penitentiary.

The prosecution under count one of the indictment is based on Sec. 399, Title 14, Code 1940. This statute makes it mandatory on the jury and not the court to fix the punishment.

This identical question was before this court in the fairly recent case of Fuller v. State, 32 Ala.App. 85, 21 So.2d 705. We cited in the opinion a long list of authorities sustaining our judgment of reversal.

With commendable candor the Assistant Attorney General, in his brief, confesses that there is reversible error in this record.

It is ordered that the judgment of the court below be reversed and the cause remanded.

Reversed and remanded.